IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MARKUS A. GREEN | § | |
| | § | |
| V. | § | A-15-CA-1074-LY |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Dept. of Criminal Justice- | § | |
| Correctional Institutions Division | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

TO:  THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1); Respondent's Answer (Document 13); Petitioner's response thereto (Document 16); and Petitioner's supplemental affidavit (Document 18). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

STATEMENT OF THE CASE

A.   **Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 167th Judicial District Court of Travis County, Texas, in cause

number 9014200. Petitioner is not challenging his holding conviction. Rather, Petitioner challenges prison disciplinary case number 20160067567.

On November 12, 2015, Petitioner was found guilty of the disciplinary offense of "out of place," a Level 2 (Code 27.0) disciplinary violation. As a result of the disciplinary hearing, Petitioner lost recreational, commissary and phone privileges for 45 days, had his line class reduced from L2 to L3, and lost 30 days of good conduct credits. (DHR at 1).

**B.    Petitioner's Grounds for Relief**

Petitioner raises as grounds for relief:

1. He was denied due process rights because TDCJ failed to notify him of his I-210 (offense report), did not request his statement during the investigation, excluded him from the hearing, relied on fabricated testimony, and refused to hear his grievances; and

2. He was denied his right to exercise his religion during the disciplinary process.

## DISCUSSION AND ANALYSIS

Respondent argues Petitioner's claims are procedurally barred, because he failed to present his claims in the prison grievance process and it is too late to present them now. Petitioner claims he filed a Step 1 grievance, appealing the disciplinary proceeding, but it was lost.

The pending petition is governed by the federal habeas corpus statutes found at 28 U.S.C. § 2254. See, e.g., Malchi v. Thaler, 211 F.3d 953, 956 (5th Cir. 2000) ("State prisoners who allege that they were improperly denied good-conduct credit that, if restored, would have resulted in their immediate or sooner release from prison, fall under § 2254.") (citations omitted). The federal habeas corpus statutes, codified as amended at 28 U.S.C. § 2254(b) and (c), provide that relief "shall not be granted" unless the applicant "has exhausted the remedies available in the courts of the State[.]"

Although decisions about prison grievances are made by TDCJ, and not by "courts of the State," there is no valid reason that the exhaustion requirement found in 28 U.S.C. § 2254(b) should not also apply where a prisoner is required to pursue the administrative grievance process. See Preiser v. Rodriguez, 411 U.S. 475, 492 (1973) (pointing to the prison grievance process and noting that, because the "internal problems of state prisons involve issues so peculiarly within state authority and expertise, the States have an important interest in not being bypassed in the correction of those problems"). In fact, the Fifth Circuit has long held that inmates seeking relief from prison disciplinary cases must exhaust their available administrative remedies before pursuing a federal writ of habeas corpus. See Lerma v. Estelle, 585 F.2d 1297, 1299 (5th Cir. 1978).

As explained by Respondent, Petitioner did not exhaust his administrative remedies and his claims are now procedurally barred. Although Petitioner claims TDCJ officials lost his Step 1 grievance, he fails to explain why he did not resubmit his Step 1 grievance instead of proceeding immediately to federal court. Petitioner executed his application for habeas corpus relief on November 12, 2015, the same day he was found guilty at his disciplinary hearing. Petitioner indicates he placed his application in the prison mail system eight days later on November 20, 2015. At the time he mailed his federal application, he still had seven days remaining in which to resubmit a Step 1 grievance. By proceeding immediately to federal court, Petitioner bypassed the Director's ability to review and, if necessary, correct any constitutional errors that might have occurred.

The exhaustion requirement can be excused when exceptional circumstances exist. Deters v. Collins, 985 F.2d 789 (5th Cir. 1993). However, the Court finds that Petitioner has failed to allege any valid circumstance which would allow the Court to excuse the exhaustion requirement.

A grievance filed at this late date would now be futile, because the grievable time period has expired. Accordingly, Petitioner's claims are procedurally defaulted.

Federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." Coleman v. Thompson, 501 U.S. 722, 729 (1991). To overcome this procedural bar, a petitioner must show either cause for the failure to exhaust and prejudice resulting therefrom or that failure to hear the claims would result in a miscarriage of justice. Sawyer v. Whitley, 505 U.S. 333, 338–39 (1992). In the case at hand, Petitioner fails to show cause and actual prejudice for his procedural default and has made no showing that a failure to address the merits of his federal claims would result in a miscarriage of justice. Therefore, Petitioner is barred from raising his claims in his federal application for habeas corpus relief.

## RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be denied.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in

Slack v. McDaniel, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from

appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 6th day of April, 2016.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE